IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRENCE L. MILLER, #K61958, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-01328-SMY |
| | ) | |
| JEREMIAH BROWN, | ) | |
| MHP MAKNE, | ) | |
| DR. BOOSE, and | ) | |
| MS. GARCIA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Now before the Court is Plaintiff Terrence L. Miller's Motion for Leave to File an Amended Complaint, seeking to add several new claims (Doc. 24). Plaintiff's proposed pleading also sets forth additional factual details (Doc. 24-1). Defendant Brown does not object to the motion but requests the Court to conduct a merit review of the proposed pleading (Doc. 26).

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center. His *pro se* civil rights lawsuit filed pursuant to 42 U.S.C. § 1983 is proceeding on the following claims (Docs. 11, 21):

Count 1:    Eighth Amendment cruel and unusual punishment claim against Jeremiah Brown (in his individual capacity) for denying Plaintiff all out-of-cell exercise from March 29, 2024 through May 28, 2024, and from October 29, 2024 until at least June 21, 2025.

Count 2:    Eighth Amendment claim for deliberate indifference to serious mental health needs against Defendants Jane/John Doe #1 (Head of Lawrence Mental Health Department – later identified as MHP Makne), Jane/John Doe #2 (Head of Lawrence Psychology/Psychiatry Department – later identified as Dr. Boose), and Jane/John Doe Mental Health Assistant #3 (later identified as Ms. Garcia), for denying Plaintiff treatment for his depression,

1

anxiety, and insomnia for about ten months starting in May 2024.[1]

The Court is required to conduct a preliminary review of the proposed First Amended Complaint under 28 U.S.C. § 1915A to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the pleading that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**<u>The First Amended Complaint (Doc. 24-1)</u>**

Plaintiff makes the following allegations in the proposed First Amended Complaint (Doc. 24-1): On March 29, 2024, Plaintiff was moved to Lawrence's 6-House, A-Wing, for protective custody ("PC") while his PC request was investigated (Doc. 24-1, p. 2). During the month Plaintiff remained on A-Wing, he was not permitted to go to yard or have any out-of-cell exercise. He was also denied access to any dayroom, school, vocational programming, or religious services/activities despite his requests. Officers told Plaintiff he must sign out of PC if he wanted yard or dayroom (Doc. 24-1, p. 3).

Plaintiff's PC request was denied, and he was moved to C-Wing for 22 or 23 days while he awaited an appeal hearing. During this time, he was not allowed dayroom, yard, school, vocational programming, or religious services, which he requested. Plaintiff's appeal succeeded, and he was moved to the "approved" PC unit on B-Wing at the end of May 2024.

While on B-Wing from May 28, 2024 to October 29, 2024, Plaintiff had dayroom access and was allowed to go to yard (Doc. 24-1, p. 4). However, he was denied any opportunity to work or attend school/vocational programs, despite submitting several written requests (Doc. 24-1, p. 3). Plaintiff's request slips for permission to attend Muslim Jumah services and speak with an Imam were not answered, and he had no access to organized religious services during this time.

---

[1] See Doc. 17, ordering the parties to provide more information to correctly identify the Lawrence Mental Health Department head and Ms. Garcia for service of process.

Plaintiff spoke with Defendant Warden Brown during several of Brown's visits to 6-House, informing Brown of the lack of gym and yard access on A-Wing and C-Wing, and the inability to access vocational/educational programming or religious services in 6-House (Doc. 24-1, p 4). Brown created and enforced the restrictions on inmates housed in PC A-Wing and C-Wing prohibiting out-of-cell exercise (yard), religious services and spiritual counsel, educational/vocational programs, and rehabilitative classes (I.D. 05.504.002) (Doc. 24-1, pp. 5-6). The prison has several fenced one-man exercise yards which are used only by inmates in 8-House (administrative detention) (Doc. 24-1, pp. 5-6).

Plaintiff signed himself out of PC on October 29, 2024 because other inmates believed he was a "snitch" – but he immediately signed back in to PC (Doc. 24-1, p. 4).  This meant he was moved from B-Wing back to A-Wing within 6-House.  From October 29, 2024 through April 16, 2026, Plaintiff continued to move between A-Wing and C-Wing in 6-House.  He has had no access to any out-of-cell exercise (yard), dayroom, educational/vocational programs, or any religious gathering or counsel with a spiritual leader since October 29, 2024 (Doc. 24-1, p. 5).[2]

Plaintiff's inability to exercise caused him to suffer from depression, anxiety, insomnia, neck stiffness, Charlie horses in his legs, nosebleeds, lower back pain, and muscle weakness. Plaintiff's cell is too small for him to exercise inside it.  The cell did not give Plaintiff enough room to walk using his walker/assistive device (which he relied on between August 2024 and March 31, 2025).  He wrote four letters to Brown and five letters to the Mental Health and Psych Department about these conditions, but received no response.  Brown denied four of his five grievances and deemed the other to be moot.

Beginning in May 2024, at the suggestion of Defendant Ms. Garcia, Plaintiff wrote five

---

[2] This lawsuit was filed June 21, 2025 (Doc. 1, pp. 47-48).  The First Amended Complaint includes allegations of conditions through April 16, 2026 (Doc. 24-1, p. 9).

letters to the Mental Health and Psychiatric Departments requesting treatment for depression, anxiety, and insomnia (Doc. 24-1, pp. 4, 8). Plaintiff repeatedly told Ms. Garcia about his symptoms during her brief weekly visits. Garcia said she would note his requests in his file. However, Plaintiff received no mental health treatment until March 2025 when he was added to the mental health caseload and began telepsych sessions with a doctor (Doc. 24-1, p. 4).

Plaintiff seeks monetary damages (Doc. 24-1, p. 9).

Based on the allegations in the First Amended Complaint, the Court modifies Counts 1 and 2, and designates additional claims in this *pro se* action as follows:

Count 1: Eighth Amendment cruel and unusual punishment claim against Jeremiah Brown (in his individual capacity) for denying Plaintiff all out-of-cell exercise from March 29, 2024 through May 28, 2024, and from October 29, 2024 through April 16, 2026.

Count 2: Eighth Amendment claim for deliberate indifference to serious mental health needs against Defendants MHP Makne (Head of Lawrence Mental Health Department), Dr. Boose (Head of Lawrence Psychology/Psychiatry Department), and Ms. Garcia (Mental Health Assistant), for denying Plaintiff treatment for his depression, anxiety, and insomnia from May 2024 through March 2025.

Count 3: First Amendment claim against Brown for denying Plaintiff access to religious services or a spiritual leader during Plaintiff's placement in the Protective Custody wings in 6-House starting on March 29, 2024.

Count 4: Fourteenth Amendment due process claim against Brown for denying Plaintiff access to educational, vocational, and rehabilitative programming during Plaintiff's placement in the Protective Custody wings in 6-House starting on March 29, 2024.

Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim

4

that is plausible on its face.").

## Discussion

### Count 1

As discussed in the Merit Review Order for the original Complaint, Plaintiff stated an Eighth Amendment claim in Count 1 for deliberate indifference to his need for sufficient physical exercise against Brown in his individual capacity (Doc. 11, pp. 5-6). The proposed First Amended Complaint also supports this claim, and it will proceed.

### Count 2

As discussed in the Merit Review Order for the original Complaint, Plaintiff's proposed First Amended Complaint states a colorable Eighth Amendment claim for deliberate indifference to his serious mental health needs against Defendants Makne (Head of Lawrence Mental Health Department), Dr. Boose (Head of Lawrence Psychology/Psychiatry Department), and Ms. Garcia (Mental Health Assistant). (Doc. 11, pp. 6-7).

### Count 3

Under the First Amendment, "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990); *see also Al-Alamin v. Gramley*, 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). A prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Such interests include inmate security and the proper allocation of limited prison resources. *See O'Lone* at 348, 352-53; *Turner*, 482 U.S. at 90; *Al-Alamin*, 926 F.2d at 686.

To state a First Amendment claim, a plaintiff must plead facts suggesting his "right to

practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Here, Plaintiff alleges that during his stay in the 6-House PC wings, he has had no opportunity to speak with an Imam, or to attend Jumah or any organized religious services. However, he does not allege or explain how these restrictions significantly burdened his religious practice. Count 3 will therefore be dismissed without prejudice.

### Count 4

Prisoners have no property or liberty interest in attending educational, vocational, or rehabilitative courses while in prison, and institutions are not constitutionally required to provide these programs to inmates. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (prisoner had no Fourteenth Amendment due process claim for being transferred to a prison where he could no longer enroll in programs that might earn him earlier release); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Consequently, Plaintiff has no valid substantive due process claim for his inability to engage in these programs while housed in the 6-House PC wings. Count 4 will be dismissed.

### Disposition

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 24) is **GRANTED** as set forth above. The Clerk of Court is **DIRECTED** to file the 69-page document (Doc. 24-1) as the First Amended Complaint.

The First Amended Complaint states colorable claims in Count 1 against Jeremiah Brown (individual capacity), and in Count 2 against MHP Makne (Head of Lawrence Mental Health Department), Dr. Boose, and Ms. Garcia (Mental Health Assistant). Counts 3 and 4 are **DISMISSED** without prejudice.

Service will be ordered on the defendants currently identified as MHP Makne and Ms.

Garcia after they have been correctly identified.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:  June 2, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**
