**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TERRENCE L. MILLER, #K61958,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-1328-RJD** |
| | ) | |
| **JEREMIAH BROWN, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion to Set Aside Entry of Default and for an Extension of Time to File a Responsive Pleading filed by Defendant Shane Reister. Doc. 67. Plaintiff filed suit against all Defendants on July 7, 2025. Doc. 1. Defendant Reister's waiver of service was returned executed on July 10, 2026. Doc. 47. Plaintiff alleges that he was denied out-of-cell exercise and mental health treatment, and that medical attention for serious physical conditions was delayed in violation of his constitutional rights. On September 16, 2026, Plaintiff moved the Court for a Clerk's Entry of Default; the Clerk of Court made an Entry of Default on September 15, 2026. Docs. 62, 63. One day later, counsel appeared on behalf of Defendant Reister, and six days later, counsel moved to vacate the Entry of Default. Docs. 64, 67.

An entry of default may be vacated if Defendant can establish "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted). Here, Defendant explains that he neglected to formally request representation from the Attorney General's Office and therefore an AAG was not assigned to represent him until September 17,

2026, after the Clerk's Office made the Entry of Default. Defendant further explains that this omission was inadvertent, noting that he returned his Waiver of Service to the Court and likely forgot to formally request representation in this case simply because his position at multiple facilities results in a high number of cases against him.

The Motion to Vacate the Clerk's Entry of Default (Doc. 67) is **GRANTED** and accordingly, Plaintiff's Motion for Default Judgment (Doc. 63) is **DENIED**. Defendant Reister asked for an extension of time to file his answer and, for the reasons discussed above, that request is granted; the Court notes that Defendant Reister filed his Answer and Affirmative on October 13, 2026.

Finally, Defendant Sokol requested an extension of time to file his consent (or non-consent) to magistrate judge jurisdiction in this case. Doc. 68. Defendant Sokol has since filed his consent, and for the reasons explained in his motion (that his attorney had been trying to contact him to discuss consent), the motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: October 22, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**